

**JAMES E. JOHNSON**
*Corporation Counsel*

**THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007**

NICHOLAS L. COLLINS
*Assistant Corporation Counsel*
Phone: (646) 939-7622
nicollin@law.nyc.gov

September 24, 2020

**BY ECF**
Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    Peter Delgado v. City of New York, *et al.*
              19-CV-6320 (PAE)

Your Honor:

I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney assigned to represent Defendants City of New York, Officers MD Samsuddin, Wilfred Martinez, Kyle Ting, and Sergeant Luis Rodriguez ("Defendants") in the above-referenced matter. I write to respectfully inform the Court that, consistent with the Court's Emergency Rules, Defendants will not provide courtesy copies of their motion for judgment on the pleadings and the accompanying exhibits to the Court at this time. Further, Defendants respectfully request that the Court stay discovery pending the resolution of the pending motion. Plaintiff's counsel, Samuel C. DePaola, Esq., consents to this request.

## I. Procedural History

Plaintiff filed the Complaint in this action on July 8, 2019, alleging, *inter alia*, that on April 23, 2018, May 4, 2018 and September 22, 2018, he was subjected to false arrest, excessive force, and malicious prosecution by members of the New York City Police Department. (ECF No. 1). Notice of this suit's participation in Local Civil Rule 83.10 (Formerly The Section 1983 Plan) was filed on July 10, 2019. (ECF No. 6). On November 26, 2019, plaintiff filed an Amended Complaint. (ECF No. 14). Defendants filed an Answer to the Amended Complaint on February 18, 2020. (ECF No. 20). On March 30, 2020, the Court held an Initial Conference and ordered that all fact discovery be completed by September 30, 2020. (ECF No. 25). Due to COVID-19 related complications, the parties did not participate in plan mediation until July 9, 2020. (ECF No. 27). The mediation was unsuccessful. (Id.). On August 26, 2020, the Court endorsed a Stipulation and Order of voluntary dismissal of Plaintiff's federal claims for excessive force and malicious prosecution. (ECF No. 28). On September 21, 2020, Defendants

filed a motion for partial judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF Nos. 30-32).

## II. Submission of Courtesy Copies

Pursuant to the Court's Individual Rules and Practices, two copies of all parties' motion papers, including exhibits, must be submitted to the Court at the time the reply is served. See Rule 3.E. However, the Court's Emergency Rules and Practices in Light of COVID-19 provide that no courtesy copies of any filing or document may be submitted to Chambers. See Rule 1.A. Furthermore, the Emergency Rules specify that if there is a conflict between the Individual Rules and the Emergency Rules, the Emergency Rules control.

Two of Defendants' exhibits, Exhibits K and L, are Body Worn Camera footage that are too large to file via ECF. In accordance with Rule 1.B of the Court's Emergency Rules, Defendants intend to provide the Court with the files via email.

## III. The Court Should Stay Discovery Pending The Resolution Of The Motion

Under Federal Rules of Civil Procedure 26(c), "[a] court has discretion to stay discovery during the pendency of a motion to dismiss upon a showing of good cause." Magee v. Walt Disney Co., 2020 U.S. Dist. LEXIS 103930, at *1 (S.D.N.Y. Jun. 10, 2020). Courts in this district routinely stay discovery pending resolution of a motion to dismiss where, as here, "the disposition of the dismissal motion[] may significantly narrow, if not eliminate, the issues remaining in this case", and if the Court finds that, "proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on Defendants." Id. at *2 (citing Spinelli v. National Football League, 2015 U.S. Dist. LEXIS 155816, at *2 (S.D.N.Y. Nov. 17, 2015) ("A stay may also have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable.")).

Here, Defendants have already produced a number of documents pursuant to the parties' participation in the 83.10 Plan, including NYPD paperwork (including the aforementioned Body Worn Camera footage); District Attorney's Files; Criminal Court Files (including Certificates of Disposition); and disciplinary histories for *three* separate arrests and criminal prosecutions. Plaintiff has yet to serve his Document Requests and Interrogatories so the full extent of remaining document discovery is unknown. Further, the parties have yet to engage in depositions and given that this lawsuit involves claims related to three separate arrests, costs would quickly accrue. Defendants' are now moving to dismiss all claims related to two of the arrests and all claims, with the exception of a claim for false arrest, related to the third arrest. As such, should the motion be granted, the scope of discovery would be significantly narrowed, both simplifying remaining discovery issues and shortening the time required to complete discovery.

### IV. Conclusion

Thus, Defendants respectfully request, on consent, that any discovery be stayed during the pendency of this motion for judgment on the pleadings.

Thank you for your consideration herein.

Respectfully submitted,

*Nicholas L. Collins*

Nicholas L. Collins
Assistant Corporation Counsel
Special Federal Litigation Division

cc:  **BY ECF**
Samuel C. DePaola, Esq.
*Attorney for Plaintiff*

Granted. Discovery in this case is stayed pending resolution of the defendants' motion for judgment on the pleadings.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

September 24, 2020