

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**JEFFREY F. FRANK**
*Assistant Corporation Counsel*
Email: jefrank@law.nyc.gov
Cell: (929) 930-0780
Tel: (212) 356-3541

April 26, 2022

**VIA ECF**
Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Peter Delgado v. City of New York, et al.*,
            19-CV-6320 (JPC)

Your Honor:

       I am an Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants in the above-referenced matter. I write to respectfully request that the Court issue an Order compelling plaintiff to produce certain discovery initially requested by defendants' Document Requests and Interrogatories ("DRIs") on September 23, 2021. Counsel have met and conferred twice via telephone to discuss defendants' DRIs and plaintiff's responses thereto — on December 3, 2021, to discuss plaintiff's failure to serve any responses, and on March 10, 2022, to discuss deficiencies defendants had identified in plaintiff's December 6, 2021 responses. Since the most recent meet and confer, defendants have served second and third deficiency letters, and plaintiff has served supplemental and second supplemental responses. However, defendants contend that plaintiff has still failed to cure certain outstanding deficiencies, as explained below.

       **I.**     **Procedural History.**

       Plaintiff commenced this action on July 8, 2019 (Docket Entry ("DE") No. 1) and filed on amended complaint ("AC") on November 26, 2019 (DE No. 14) alleging he was falsely arrested by members of the NYPD on April 23, 2018, May 4, 2018, and September 22, 2018. (*Id.*) On September 21, 2020, defendants filed a partial motion for judgment on the pleadings pursuant to Rule 12(c). (DE No. 30) On June 17, 2021, the Court granted in part and denied in part defendants' motion. (DE No. 56)

## II.  Discovery History.

On September 23, 2021, defendants served their DRIs. On December 3, 2021, counsel met and conferred via telephone to discuss plaintiff's failure to serve responses. Thereafter, on December 6, 2021, plaintiff served his initial responses. On March 2, 2022, defendants served a deficiency letter identifying specific deficiencies in plaintiff's responses and requesting plaintiff to cure same by March 9, 2022. (First Deficiency Letter, annexed hereto as *Ex. A*) In compliance with Fed. R. Civ. P. 37(a)(1). On March 10, 2022, counsel met and conferred again via telephone to discuss the deficiencies defendants had identified. On March 14, 2022, plaintiff served his supplemental responses.[1] (Supplemental Responses, annexed hereto as *Ex. B*) Defendants found those supplemental responses to be deficient and, on March 29, 2022, served a second deficiency letter identifying specific deficiencies that remained outstanding in plaintiff's supplemental responses. (Second Deficiency Letter, annexed hereto as *Ex. C*) On April 4, 2022, plaintiff served his second supplemental responses. (Second Supplemental Responses, annexed hereto as *Ex. D*) Defendants found those second supplemental responses to be deficient and, on April 21, 2022, served a third deficiency letter reiterating deficiencies that remained outstanding and requesting plaintiff to cure same by April 25, 2022. (Second Deficiency Letter, annexed hereto as *Ex. E*) As of this writing, defendants have not received third supplemental responses from plaintiff.

## III.  Relief Requested.

Plaintiff's responses are deficient for the reasons explained more fully in defendants' deficiency letters. (*Exs. A, C, E*) Primarily, plaintiff failed to produce documents in response to requests for retainer agreements, time and expense records, and all documents concerning the financing of plaintiff's litigation concerning the alleged incidents underlying his claims in the AC. Plaintiff asserted attorney-client privilege over such documents and provided a privilege log in his second supplemental responses. (*Ex. D*) That privilege log, however, ostensibly asserts that plaintiff's retainer agreement is privileged in its entirety, which it is not.

In this case, where plaintiff has asserted a claim for attorneys' fees,[2] the documents sought are plainly relevant to that claim, are discoverable, and are not privileged. The "Second Circuit has consistently held that 'in the absence of special circumstances client identity and fee arrangements do not fall within the attorney-client privilege because they are not the kinds of disclosures that would not have been made absent the privilege and their disclosure does not incapacitate the attorney from rendering legal advice.'" *Robinson v. De Niro*, 19 Civ. 9156 (LJL) (KHP), 2022 U.S. Dist. LEXIS 42101, at **24–25 (S.D.N.Y. Mar. 9, 2022) (quoting *Vingelli v. United States*, 992 F.2d 449, 452 (2d Cir. 1993)) (holding defendants had failed to identify special circumstances and had not "cited anything of a confidential nature that might be revealed by production of the retainer agreement," and, "[a]ccordingly, this document should be produced").

---

[1] Defendants have redacted plaintiff's supplemental responses inasmuch as they contain private information not necessarily appropriate for the public docket.

[2] *See* AC at p. 32: "Plaintiff respectfully requests judgment against Defendants . . . [a]warding Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988."

Further, the privilege log in plaintiff's second supplemental responses fails to comply with the Federal Rules. "An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). Hence, if plaintiff seeks to assert that parts of his retainer agreement is privileged, he must still provide a redacted copy thereof, along with a privilege log setting forth the specific basis for each redaction — rather than a wholesale privilege objection to the disclosure of the entire retainer agreement, which is discoverable.

### IV. Conclusion

Accordingly, defendants respectfully request that the Court issue an Order compelling plaintiff to produce all documents responsive to defendants' requests for retainer agreements, time and expense records, and all documents concerning the financing of plaintiff's litigation concerning the alleged incidents underlying his claims in the AC.

We thank the Court for its consideration herein.

Respectfully submitted,

Jeffrey F. Frank
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: All Counsel (via ECF)

By May 4, 2022, Plaintiff shall file a response to Defendants' letter-motion to compel. *See* Dkt. 78.

SO ORDERED.

Date: April 27, 2022
New York, New York

JOHN P. CRONAN
United States District Judge